FILED
2012 Apr-09  AM 10:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA NORTH EASTERN DIVISION

| | | |
|---|---|---|
| TERRY PEARSON, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | CIVIL ACTION NO.: |
| v. | ) | |
| | ) | |
| LAWRENCE MEDICAL CENTER | ) | JURY DEMAND |
| | ) | |
| DEFENDANT | ) | |
| | ) | |
| | ) | |

## COMPLAINT

### I.    NATURE OF THIS ACTION

1.   Plaintiff brings this action to redress discrimination in employment on the basis of age.  Specifically, Plaintiff Terry Pearson brings this action for injunctive relief, backpay, compensatory damages, punitive damages, liquidated damages and attorneys' fees and costs under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. 621 *et seq.* and Title I of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12111 *et seq.*  Plaintiff also alleges violations of the Family Medical Leave Act ("FMLA"), 29 U.S.C.§ 2611, *et. seq.*  Finally, Plaintiff alleges retaliation under the FMLA

### II.   JURISDICTION, VENUE, AND CONDITIONS PRECEDENT TO SUIT

2.   This Court has jurisdiction pursuant to 28 U.S.C. Sections 1331, 1343(a)(4),

2001, 2002, 42 U.S.C. § 12117, and 42 U.S.C. § 12133.  Venue is proper

pursuant to 28 U.S.C. § 1391.

3.    Plaintiff has fulfilled all conditions precedent to the institution of this action

under the ADEA and under Title I of the ADA.  Plaintiff timely filed his

charge of discrimination within 180 days of the occurrence of the last

discriminatory act.  Plaintiff timely filed his lawsuit within 90 days of the

receipt of his Right-to-Sue letter from the EEOC.

4.    Venue is proper in the Northern District of Alabama pursuant to 28 USC §

1391(b) and (c).

**III.    PARTIES**

5.    Plaintiff, Terry Pearson, (hereinafter "Plaintiff") is a male citizen of the United

States, over forty (40) years old, and a resident of the State of Alabama.

6.    Defendant, Lawrence Medical Center, (hereinafter "Defendant"), is an entity

subject to suit under the ADA, the ADEA and the FMLA.

**IV.    FACTS**

7.    Plaintiff, a 59 year old man with diabetes and high blood pressure, worked for

Defendant for nearly eighteen (18) years until Defendant terminated him on

February 2, 2011.

8.    Plaintiff began working for Defendant in 1993 as a Dietary Manager.  At the

time of his termination, Plaintiff was the Director of Plant Operations, Housekeeping and Dietary Services.

9.    In 2010, Defendant hired a forty-two (42) year old man named Greg Moore as the interim CEO, and within two months Moore became the CEO and Plaintiff's direct supervisor.

10.    In early 2011, Plaintiff was having difficulty regulating his insulin pump, which required frequent doctor visits, and Plaintiff also had to have a stress test conducted due to his heart stent.

11.    As a result of his health issues, Plaintiff needed to visit the doctor more frequently, and he spoke to Greg Moore about taking intermittent Family Medical Leave (FMLA) to allow him to make his doctor appointments. Without FMLA, Plaintiff had to take two days of Earned Time Off (ETO) before he could use sick time. Going onto intermittent FMLA would allow Plaintiff to use his sick leave without using up his ETO time.

12.    CEO Moore indicated he did not like Plaintiff missing time at work to go to his doctor's appointments, and he told Plaintiff he was taking too many days to attend doctor's appointments.

13.    After his conversation with Moore about taking intermittent FMLA, Plaintiff obtained the necessary FMLA paperwork, and submitted it to his physician to

3

complete.

14. On or around January 27, 2011, Moore told Plaintiff that he needed somebody twenty years younger than Plaintiff for his job.

15. That same day, January 27, 2011, CEO Moore placed Plaintiff on a ninety (90) day Performance Improvement Plan (PIP), allegedly for failing to fulfill new paperwork requirements he wanted Plaintiff to implement.

16. Plaintiff adhered to the requirements on the PIP, but instead of giving Plaintiff three months per the terms of his PIP, Mr. Moore fired Plaintiff within one week on Wednesday, February 2, 2011.

17. Moore did not give Plaintiff a legitimate reason for discharging him. Rather, in that final February 2, 2011 meeting, Moore told Plaintiff he had decided to make a change in all three of his areas of responsibility (Director of Plant Operations, Housekeeping and Dietary Services), and today would be Plaintiff's last day.

18. Defendant's articulated reason(s) for terminating Plaintiff are not legitimate reasons for terminating him, and they are a pretext for discrimination and retaliation.

19. Defendant terminated Plaintiff because of his age, his disability and in retaliation for Plaintiff requesting FMLA.

4

## V.   CAUSE OF ACTION

## COUNT I –  AGE DISCRIMINATION UNDER ADEA

20.   Plaintiff re-avers and incorporates paragraphs 1-19 above as if fully set forth herein.

21.   Plaintiff brings this Count pursuant to the ADEA.

22.   Defendant discriminated against Plaintiff on the basis of age by taking adverse employment actions against him which affected the terms and conditions of his employment, including terminating Plaintiff because of his age.

23.   Plaintiff has presented direct evidence Plaintiff's age motivated the decision maker to terminate Plaintiff.

24.   Defendant has failed to articulate a legitimate, nondiscriminatory reason for the adverse employment actions it took against Plaintiff.

25.   Said discrimination was done willfully and intentionally.

## COUNT II - TITLE I OF THE AMERICANS WITH DISABILITIES ACT

26.   Plaintiff realleges and incorporates by reference paragraphs 1 through 25 above with the same force and effect as if fully set out in specific detail herein below.

27.   As stated, Plaintiff is an individual with a disability under the ADA in that he has a condition which substantially limits at least one major life activities and/or he is regarded as such and/or has a record of a disability.  42 U.S.C. §

5

12102.

28.   Defendant is an employer in accordance with 42 U.S.C. § 12111(5).

29.   With, or without, a reasonable accommodation, Plaintiff was, and is, able to perform the essential functions of his former position.   Plaintiff meets the definition of a qualified individual pursuant to 42 U.S.C. § 12111(8).

30.   Defendant has intentionally with deliberate indifference discriminated against Plaintiff and has stereotypically limited, terminated, and classified Plaintiff in a way which adversely affects his opportunities and status on the basis of his disability.   42 U.S.C. §§ 12112.

31.   Accommodating Plaintiff would not have caused undue hardship to Defendant. 42 U.S.C. §§ 12112 and 12132.

32.   Defendant's termination of Plaintiff was unlawful and constitutes discrimination against a qualified individual on the basis of a disability, a perceived disability and/or a record of disability.

33.   Defendant, by its actions, has intentionally, maliciously and with  reckless indifference discriminated against Plaintiff on the basis of his disability, his perceived disability and/or his record of a disability with regards to termination, employee compensation, benefits, and other terms and conditions of employment.   42 U.S.C. § 12112.

6

**COUNT III - THE FAMILY MEDICAL LEAVE ACT AND RETALIATION**

34.     Plaintiff realleges and incorporates by reference paragraphs 1-33 above with the same force and effect as if fully set out in specific detail herein below.

35.     As stated, Plaintiff was an eligible employee in that he was a person entitled to leave to care for his own serious health condition pursuant to 29 U.S.C. § 2612. Plaintiff had a serious medical condition under, *inter alia*, 29 C.F.R. § 825.119.

36.     Plaintiff was entitled to benefits under the FMLA and Defendant acknowledged such by approving Plaintiff's request for leave. Defendant is an employer in accordance with 29 U.S.C. § 2611.

37.     Defendant violated the Family Medical Leave Act, 29 U.S.C. § 2614, *inter alia*, by terminating Plaintiff after he requested FMLA and by interfering with Plaintiff's rights under the FMLA by terminating him.

38.     Further, Defendant retaliated, coerced, oppressed, and/or took adverse action against Plaintiff due to his need for leave under the FMLA. 29 C.F.R. § 825.220. Plaintiff engaged in a protective activity including opposing Defendant's failure to reinstate him to his former position after returning to work. Immediately after this, Defendant terminated him. Defendant's actions were causally connected to Plaintiff's protected activity.

7

39.     As a result of Defendant's actions, Plaintiff has suffered extreme harm, including, but not limited to, loss of employment opportunities, denial of wages, compensation and other benefits and conditions of employment. Additionally, Plaintiff has suffered injury including pain, humiliation, mental anguish and suffering, and loss of enjoyment of life.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1.     Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendant is violative of the rights of Plaintiff as secured by the ADEA, Title I of the Americans with Disabilities Act,  42 U.S.C. § 12101, *et seq.*, and the FMLA, 29 U.S.C.§ 2611, *et. seq.*

2.     Grant Plaintiff reinstatement and a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant, and at Defendant's request, from continuing to violate Plaintiff's rights as well as those who are similarly situated pursuant to the ADEA, Title I of the Americans with Disabilities Act and the FMLA, 29 U.S.C.§ 2611, *et. seq.*

3.     Enter an Order requiring Defendant to make Plaintiff whole by awarding him

reinstatement in the position and salary level he would have occupied absent discrimination, backpay (including lost overtime compensation), front pay if reinstatement is not possible, lost wages (plus interest), medical expenses, compensatory damages, punitive damages, liquidated damages, post judgment interest, loss of benefits including retirement, pension, seniority and other benefits of employment.

4.   Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

**Plaintiff Demands a Trial by Struck Jury.**

Respectfully submitted,

Jon C. Goldfarb asb-5401-f58j
Daniel E. Arciniegas asb-7809-d67a
L. William Smith asb-8660-A61S
Counsel for Plaintiff

**OF COUNSEL:**
WIGGINS, CHILDS, QUINN & PANTAZIS LLC
301 19th Street North
Birmingham, Alabama 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500

**<u>DEFENDANT'S ADDRESS</u>**:
Lawrence Medical Center
202 Hospital Street
Moulton, AL 35621