# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| TERRY PEARSON, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 5:12-cv-1064-CLS |
| LAWRENCE MEDICAL CENTER, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Terry Pearson, alleges that defendant, Lawrence Medical Center, terminated his employment on the basis of his age and disability, and in retaliation for his act of requesting medical leave, in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. 621 *et seq.* ("ADEA"); the Americans with Disabilities Act on 1990, 42 U.S.C. § 12111 *et seq.* ("ADA"); and the Family and Medical Leave Act of 1993, 29 U.S.C. § 2611 *et seq.* ("FMLA").[1]

Defendant argues that plaintiff "cannot, as a matter of law, simultaneously allege that he was discriminated against because of his age and his disability or in retaliation for allegedly engaging in protected activity under the FMLA."[2] This case is before the court on Lawrence's partial motion to dismiss "to require Plaintiff to

---

[1] Doc. no. 1 (Complaint) ¶ 1.

[2] Doc. no. 6 (Partial Motion to Dismiss), at 1.

amend his Complaint to eliminate either his ADEA claim or his ADA and FMLA claims."[3]  Upon consideration, this court will deny the motion.

## I.  LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b) permits a party to move to dismiss a complaint for, among other reasons, "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  This rule must be read together with Rule 8(a), which requires that a pleading contain only a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While that pleading standard does not require "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 544 U.S. 544, 550 (2007), it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp.*, 550 U.S.] at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id*., at 556.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  *Ibid*.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id*., at 557 (brackets omitted).

*Iqbal*, 556 U.S. at 678 (alteration supplied).

---

[3] *Id.*

## II. FACTS AS ALLEGED[4]

The plaintiff, Terry Pearson, is a fifty-nine-year-old man with diabetes and high blood pressure who worked for Lawrence Medical Center ("Lawrence") for nearly eighteen years, until his termination on February 2, 2011.[5]  Plaintiff began working for Lawrence in 1993 as a Dietary Manager.[6]  On the date of his termination, he was the Director of Plant Operations, Housekeeping, and Dietary Services.[7]

In 2010, Lawrence hired Greg Moore, a forty-two-year-old man, as interim CEO; and, within two months, promoted him to CEO.[8]  As a result, Moore became plaintiff's direct supervisor.[9]  In the early part of the following year, plaintiff needed to visit his doctor more frequently because he was having difficulty regulating his

---

[4] As always is the case in the context of ruling upon a motion to dismiss, the district court is required to assume that

> the facts set forth in the plaintiff's complaint are true. *See Anza* [*v. Ideal Steel Supply Corp.*], 547 U.S. 451, [453,] 126 S. Ct.[1991,] 1994 [(2006)] (stating that on a motion to dismiss, the court must "accept as true the factual allegations in the amended complaint"); *Marsh v. Butler County*, 268 F.3d 1014, 1023 (11th Cir. 2001) (*en banc*) (setting forth the facts in the case by "[a]ccepting all well-pleaded factual allegations (with reasonable inferences drawn favorably to Plaintiffs) in the complaint as true").  Because we must accept the allegations of plaintiff's complaint as true, what we set out in this opinion as "the facts" for Rule 12(b)(6) purposes may not be the actual facts.

*Williams v. Mohawk Industries, Inc.*, 465 F.3d 1277, 1281 n.1 (11th Cir. 2006) (alterations supplied).

[5] Doc. no. 1 (Complaint) ¶ 7.
[6] *Id.* ¶ 8.
[7] *Id.*
[8] *Id.* ¶ 9.
[9] *Id.*

3

insulin pump, and because he required a stress test to determine the efficacy of a stent implanted in his heart.[10] Accordingly, plaintiff asked Moore about taking intermittent FMLA leave to attend his upcoming doctor's appointments.[11] Moore told plaintiff that he (Moore) did not like the fact that plaintiff was missing work to attend doctor's appointments, and that plaintiff was taking too many days off work for those appointments.[12]

After his conversation with Moore about taking intermittent FMLA leave, plaintiff obtained the necessary FMLA paperwork, and submitted it to his physician for completion.[13] On or around January 27, 2011, Moore told plaintiff that he needed somebody twenty years younger than plaintiff to perform the duties of plaintiff's job.[14] That same day, Moore placed plaintiff on a ninety-day Performance Improvement Plan ("PIP"), allegedly for failing to fulfill certain new paperwork requirements.[15]

Plaintiff subsequently followed those requirements.[16] Even so, and instead of giving him three months in accordance with the terms of his PIP, Moore fired plaintiff

---

[10] *Id.* ¶ 10.

[11] Doc. no. 1 (Complaint) ¶ 11. Without taking intermittent FMLA leave, plaintiff was required to take two days of Earned Time Off ("ETO") before taking sick leave. By going onto intermittent FMLA leave, he would have been able to avoid taking ETO before taking sick leave. *Id.*

[12] *Id.* ¶ 12.
[13] *Id.* ¶ 13.
[14] *Id.* ¶ 14.
[15] *Id.* ¶ 15.
[16] *Id.* ¶ 16.

within one week, on February 2, 2011.[17]  During their final meeting on February 2, Moore told plaintiff that he (Moore) had decided to change all three areas of plaintiff's responsibilities (*i.e.*, Plant Operations, Housekeeping, and Dietary Services), but did not otherwise explain the termination decision.[18]

### III. DISCUSSION

Lawrence's partial motion to dismiss only presents one issue: *i.e.*, can plaintiff simultaneously allege: that Lawrence discriminated against him on the basis of his age; that Lawrence discriminated against him on the basis of his disability; and that Lawrence retaliated against him for requesting leave under the FMLA?

A.   **Simultaneous Claims Under the ADEA and Other Anti-Discrimination Statutes**

As the Eleventh Circuit observed in *Mora v. Jackson Memorial Foundation, Inc.*, 597 F.3d 1201 (11th Cir. 2010),

> the Supreme Court [has] ruled out the idea of a "mixed motive" ADEA claim, instead requiring plaintiffs to show that age was the "but for" cause of an employment action. [*Gross v. FBL Financial Services, Inc.*, 557 U.S. 167, 175 (2009)].  The ADEA requires that "age [be] the 'reason' that the employer decided to act." *Id.*  Because an ADEA plaintiff must establish "but for" causality, no "same decision" affirmative defense can exist: the employer either acted "because of" the plaintiff's age or it did not. *Id.* at 2352 ("The burden of persuasion does not shift to the employer to show that it would have taken the action regardless of age, even when a plaintiff has produced some evidence that age was one motivating factor in that decision.").

---

[17] Doc. no. 1 (Complaint) ¶ 16.

[18] *Id.* ¶ 17.

*Mora*, 597 F.3d at 1204 (alterations supplied).

As a result of the Supreme Court's decision in *Gross v. FBL Financial Services, Inc.,* 557 U.S. 167 (2009), "[t]here is some argument among the courts about whether the necessary implication of *Gross* is that a plaintiff cannot simultaneously pursue claims under the ADEA and [some other anti-discrimination statute] regarding the same employment decision and must therefore elect between the two theories." *Moore v. Jefferson County Board of Education*, Case No. 10-3272, 2012 U.S. Dist. LEXIS 101787 (N.D. Ala. June 11, 2012) (Kallon, J.) (alterations supplied) (citing *Culver v. Birmingham Board of Education*, 646 F. Supp. 2d 1270, 1271-72 (N.D. Ala. 2009) (Acker, J.)).

In the *Culver* case that arose in this District, for example, the plaintiff accused his former employer of discriminating against him on the basis of *both* his age *and* his race in violation of the ADEA and Title VII. *Culver*, 646 F. Supp. 2d at 1271. In the wake of the Supreme Court's decision in *Gross*, *supra*, Judge Acker held that the plaintiff in *Culver* could not pursue both theories of recovery, and ordered him to "either abandon his claim of age discrimination, or abandon his claim of race discrimination." *Id.* Judge Acker explained his rationale for forcing the plaintiff to choose the remedy that he would pursue as follows:

> *Gross* holds for the first time that a plaintiff who invokes the ADEA has

>the burden of proving that the fact he is over 40 years old was the only or the "*but for*" reason for the alleged adverse employment action. The *only* logical inference to be drawn from *Gross* is that an employee cannot claim that age is a motive for the employer's adverse conduct and simultaneously claim that there was *any* other proscribed motive involved. For this reason, the court required [the plaintiff] to choose between his ADEA alternative, which would require him to prove age as the only reason for the adverse employment action, and his Title VII claim.

*Culver*, 646 F. Supp. 2d at 1271-72 (emphasis in original, alteration supplied).

Likewise, in *Gwin v. BFI Waste Services, LLC*, 718 F. Supp. 2d 1326 (N.D. Ala. 2010) (Acker, J.), the plaintiff accused his former employer of age- *and* race-based employment discrimination in violation of the ADEA and Title VII. *Id.* at 1327. The employer moved to dismiss the complaint because, in *Culver*, the court had interpreted the *Gross* opinion "to prevent an employee who complains under ADEA for an adverse employer action from claiming any other basis for the adverse action." *Id.* In lieu of dismissal, however, Judge Acker ordered the plaintiff in *Gwin* to amend his complaint "to eliminate either his ADEA claim or his Title VII claim." *Id.* at 1333.

In *Freeman v. Koch Foods of Alabama*, Case No. 09-270, 2010 U.S. Dist. LEXIS 59502 (M.D. Ala. June 15, 2010) (Fuller, J.), however, the court explicitly held the reasoning in *Culver* to be "illogical."[19]

---

[19] In that case, the plaintiff employee did not assert a claim for discrimination on the basis of her age, but did assert claims for discrimination and retaliation under three other theories: *i.e.*, race, disability, and medical-leave status. *Freeman*, 2010 U.S. Dist. LEXIS 59502, at *1-2.

7

> A sole-causation standard (which requires a plaintiff to prove that the defendant's consideration of a protected category is the only cause of a challenged employment decision) is not the same as a but-for, or necessary, causation standard (which requires a plaintiff to prove that a challenged employment decision would not have occurred but for the defendant's consideration of a protected category). *See McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 282 n.10, 96 S. Ct. 2574, 49 L. Ed. 2d 493 (1976) (distinguishing sole causation from but-for causation); Michael C. Harper, *The Causation Standard in Federal Employment Law: Gross v. FBL Financial Services, Inc., and the Unfulfilled Promise of the Civil Rights Act of 1991*, 58 Buff. L. Rev. 69, 75 (2010) (explaining the difference between various types of employment-discrimination causation standards). *Even though a sole cause is also a necessary cause, a necessary cause need not be a sole cause.* Rather, a particular result may have two or more necessary causes, and the majority opinion in *Gross* does not hold otherwise. Thus, logic dictates that [the plaintiff] need not be required to choose between her three theories of discrimination and retaliation.

*Freeman*, 2010 U.S. Dist. LEXIS 59502, at *4-5 (emphasis and alteration supplied).

Similarly, in *Archie v. Home-Towne Suites, LLC*, 749 F. Supp. 2d 1308 (M.D. Ala. 2010) (Albritton, J.), the court rejected the argument that a plaintiff could not proceed with both an age and a gender discrimination claim.

> The court recognizes that there are courts which have interpreted *Gross* to require an election of remedies by plaintiffs. *See, e.g., Culver v. Birmingham Bd. of Educ.*, 646 F. Supp. 2d 1270 (N.D. Ala. 2009) (Acker, J.). Other courts have declined to so. *See, e.g., DeAngelo v. Dentalez, Inc.*, No. 09-535, 738 F. Supp. 2d 572, 2010 U.S. Dist. LEXIS 91378, 2010 WL 3488609 at *5 (E.D. Pa. Sep. 2, 2010) (collecting cases).

---

Accordingly, the *Freeman* defendant urged the court to *extend* the *Culver* holding requiring the plaintiff to elect between his *age* and other discrimination claims, to require the plaintiff to elect between her *disability* and other discrimination claims. Thus, with regard to age discrimination, the *Freeman* holding is mere *dicta*.

> As stated above, *Gross* requires "but for" causation. It has long been the law that *there is a difference between* "but for" *causation and* "sole" *causation. See McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 282 n.10, 96 S. Ct. 2574, 49 L. Ed. 2d 493 (1976) (distinguishing sole causation from but for causation); *see also McNely v. Ocala Star-Banner Corp.*, 99 F.3d 1068, 1076 (11th Cir. 1996) (same). *Gross* refers only to "but for" causation. *Gross*, 129 S. Ct. at 2350.
>
> It appears to the court, therefore, that even after *Gross*, a plaintiff might prove that gender discrimination was a substantial or motivating factor in an adverse employment action, satisfying the standard for the Title VII claim, but also show that if it had not been for her age, she would not have been terminated, satisfying the ADEA standard, so that no election of remedies is required.

*Archie*, 749 F. Supp. 2d at 1315 (emphasis supplied).

In sum, and because neither the United States Supreme Court nor the Eleventh Circuit have yet resolved the split between *Culver* and its progeny, on the one hand, and *Freeman* and its progeny, on the other hand, it does not appear that there is binding authority on the basis of which this court must force plaintiff in the present action to elect between his claims under the ADEA and his claims under the ADA and FMLA. *See Camreta v. Greene*, ___U.S. ___, 131 S. Ct. 2020, 2033 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.").

**B.      Inconsistent Claims Under Federal Rules of Civil Procedure 8(d)(2) and (3)**

When the issue of pleading simultaneous discrimination claims under the ADEA and other federal anti-discrimination statute arises at the stage of a motion to dismiss, several courts have turned to the standards for pleading inconsistent claims under the Federal Rules of Civil Procedure. Rules 8(d)(2) and (3) provide as follows:

> (2) A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.
>
> (3) A party may state as many separate claims or defenses as it has, regardless of consistency.

Fed. R. Civ. P. 8(d)(2)-(3).

In *Goodridge v. Siemens Energy, Inc.*, 276 F.R.D. 540, 542 (N.D. Ala. 2011) (Hopkins, J.), the court held that a plaintiff could, "*at the initial pleadings stage of her case, before any discovery has occurred*, allege disparate treatment claims under both Title VII and the ADEA." *Id.* at 542 (emphasis supplied).

> *Gross v. FBL Fin. Servs.*, 557 U.S. 167, 129 S. Ct. 2343, 174 L. Ed. 2d 119 (2009), . . . was tried to a jury verdict on plaintiff's sole claim, demotion based on age in violation of the ADEA. The trial judge gave the jury a "mixed-motives" instruction. The Supreme Court held that a mixed-motives instruction is never appropriate in an ADEA case. We hold that a plaintiff bringing a disparate-treatment claim pursuant to the ADEA must prove, by a preponderance of the evidence, that age was the "but-for" cause of the challenged adverse employment action. The burden of persuasion does not shift to the employer to show that it would have taken the action regardless of age, even when a plaintiff has produced some evidence that age was one motivating factor in that decision. *Gross v. FBL Financial Services, Inc.*, 129 S.Ct. at 2352.

10

> Thus, although, after *Gross* (and *Twombly* and *Iqbal*), a plaintiff who brings claim under the ADEA must allege facts sufficient to support a reasonable inference that age was the "but for" cause of the adverse employment action challenged under that claim, *Gross* does not in any way limit a plaintiff's ability to plead alternative facts and alternative theories.[20]

*Goodridge*, 276 F.R.D. at 542.

Likewise, in *Bailey v. City of Huntsville*, Case No. 11-0156, 2012 U.S. Dist. LEXIS 77807 (N.D. Ala. May 25, 2012) (Greene, J.), Chief Magistrate Judge Pual Greene held that a plaintiff is not required to elect, at the motion to dismiss stage, between her age discrimination claim and her other discrimination claims. *Id.* at *26.

> Plaintiff argues that she was discriminated against based on gender when she was denied the 2007 promotion; she argues that she was discriminated against based on age for both the 2007 and 2008 denials of promotion.
>
> As an initial matter, defendant argues that plaintiff must show that her age was the "but for" reason for any adverse employment action. Defendant cites to *Horn v. United Parcel Services, Inc.*, 433 Fed. Appx. 788, 793 (11th Cir. 2007) (citing *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 129 S. Ct. 2343, 174 L. Ed. 2d 119 (2009)). In *Gross*, the Supreme Court held that:
>
>> [A] plaintiff bringing a disparate-treatment claim pursuant to the ADEA must prove, by a preponderance of the evidence, that age was the "but for" cause of the challenged employer action. The burden of persuasion does not shift to the employer to show that it would have taken the action regardless of age, even when a plaintiff has produced some

---

[20] In a footnote, the *Goodridge* court noted that it "is aware of the holding of *Culver v. Birmingham Bd. Of Educ.*, 646 F. Supp. 2d 1272 (N.D. Ala. 2009) but is not persuaded by it." *Goodridge*, 276 F.R.D. at 542 n.1.

11

> evidence that age was one motivating factor in that decision.

*Gross*, 129 S.Ct. at 2352. One judge of this court has taken the position that the necessary implication of *Gross* is that a plaintiff cannot simultaneously pursue claims under the ADEA and Title VII regarding the same employment decision and must therefore elect between the two theories. *See Culver v. Birmingham Bd. of Educ.*, 646 F. Supp. 2d 1270, 1271-72 (N.D. Ala. 2009) (Acker, J.). Other judges of this court are not bound by that decision. *Fishman & Tobin, Inc. v. Tropical Shipping & Const. Co.*, 240 F.3d 956, 965 (11th Cir. 2001); *see also Goodridge v. Siemens Energy, Inc.*, 276 F.R.D. 540, 2011 WL 4552504, *2 & n.1 (N.D. Ala. 2011) (Hopkins, J., disagreeing with Culver). Indeed, even Judge Acker could reverse course on the same issue in another case if he saw fit.

This argument does not entitle defendant to summary judgment on any claim nor is the plaintiff required to elect between her claims. *Gross* did not consider whether a plaintiff might pursue both an ADEA claim and a claim under Title VII or § 1981 based on the same adverse job action. Nor did that case hold that there can be only one "but-for" cause of an employment decision. It is a long-recognized tenet of tort law that a plaintiff's injury can have multiple "but-for" causes, each one of which may be sufficient to support liability.[21] Requiring proof that a prohibited

---

[21] In a footnote, the *Bailey* court reasoned:

> It is not difficult to conceive of a scenario where this principle could apply to an employment decision alleged to violate both the ADEA and Title VII or § 1981. Consider the example of a qualified, 50 year-old female job applicant who is rejected for a vacant position that is later filled by a 30 year-old male. She sues the employer for age discrimination under the ADEA and sex discrimination under Title VII. During discovery, it is shown that, around the time he rejected the plaintiff, the decision-maker had said, "Old people and women are all terrible workers. I'll never hire either one, and old women are the absolute worst." It seems inconceivable that Congress or the *Gross* Court would have contemplated the decision-maker's misogyny as exculpating the employer from liability under the ADEA. *See* Restatement (2d) of Torts, § 432(2); Restatement (3d) of Torts: Liability for Physical and Emotional Harm §§ 26, 27.

*Bailey*, 2012 U.S. Dist. LEXIS 77807 at *26-27 n.5.

consideration was the "but-for" cause of an adverse job action does not equate to a burden to show that such consideration was the "sole" cause. *See McNely v. Ocala Star-Banner Corp.*, 99 F.3d 1068, 1076 (11th Cir. 1996). This remains so even after *Gross*. *Moreover, a plaintiff is authorized to plead and pursue alternative theories of recovery, even if they are inconsistent.* See Fed. R. Civ. P. 8(d)(3); *Cleveland v. Policy Management Systems Corp.*, 526 U.S. 795, 805, 119 S. Ct. 1597, 143 L. Ed. 2d 966 (1999); *United Technologies Corp. v. Mazer*, 556 F.3d 1260, 1273-74 (11th Cir. 2009). Therefore, if there is sufficient evidence to support a reasonable inference that age was a "but-for" cause of her termination, as required by *Gross*, plaintiff would be entitled to present her ADEA claim to a jury. That would be so notwithstanding that there might also be sufficient evidence to support an inference that race, sex, or any other reason, played "a motivating part" in the discharge decision, either by itself or in conjunction with age or some other factor, as required to support liability under Title VII. *At this stage*,[22] n6 plaintiff is not required to elect between her age discrimination claim and her other claims.

*Bailey*, 2012 U.S. Dist. LEXIS 77807 at *23-26 (alterations in original, emphasis supplied).[23]

---

[22] In a footnote, the *Bailey* court held:

It would seem at the very most, *Gross* might imply that a court could have to instruct the jury that it can find in plaintiff's favor only on her claims alleging age discrimination or on her claims alleging retaliation and race discrimination, but not both. *See Belcher v. Service Corp. Intern.*, 2009 U.S. Dist. LEXIS 102611, 2009 WL 3747176, *3 (E.D. Tenn. Nov. 4, 2009) ("*Gross* arguably makes it impossible for a plaintiff to ultimately recover on an age and gender discrimination claim in the same case."). Even that proposition, however, is doubtful if one accepts that age can be a "but for" cause and that race can simultaneously play even "a motivating part" in an employment decision. *Gross* simply does not hold or imply that a plaintiff is foreclosed from simultaneously seeking to prove liability under the ADEA and Title VII or section 1981. While *Culver* holds otherwise, the case is unconvincing.

*Bailey*, 2012 U.S. Dist. LEXIS 77807 at *27-28 n.6.

[23] To this court's knowledge, the most recent case from an Alabama district court on simultaneous claims for ADEA and other types of discrimination is *Ephraim v. Pantry, Inc.*, Case. No. 11-01604, 2012 U.S. Dist. LEXIS 136055 (N.D. Ala. Sept. 24, 2012) (Acker, J.). Like Judge

Because Federal Rules of Civil Procedure 8(d)(2) and (3) permit alternative and inconsistent claims, this court concludes that plaintiffs may plead age discrimination in combination with other proscribed motives for adverse employment actions. Thus, the plaintiff in this action correctly argues that "Rule 8 clearly allows a plaintiff to plead incompatible claims, so long as the pleading standards of the Federal Rules are satisfied independently as to each of those claims."[24] Further, plaintiff correctly notes that neither *Culver* nor *Gwin* mention Federal Rules of Civil Procedure 8(d)(2) and (3) when holding that the plaintiffs in those actions could not simultaneously plead discrimination claims under the ADEA and other anti-discrimination statutes.[25]

In response, Lawrence asserts that, "[w]hile it is true that Plaintiff may pursue alternative and inconsistent legal *theories* in a single complaint, Rule 8(d) does not

---

Hopkins in *Goodridge* and Judge Greene in *Bailey*, Judge Acker in *Ephraim* used a procedural vehicle to permit the plaintiff to plead both age- and religion-based discrimination, but did so at the summary judgment stage of the litigation. *Id.* at *3.

> It is still theoretically possible to prove by using *McDonnell Douglas* that "age" was the "but-for" reason for an adverse action, but is not possible to allege that both "age" and some other proscribed motive was a reason for the adverse action. In *Mora*, the Eleventh Circuit recognized the irreconcilability of such a pleading with *Gross*. The [defendant] has not forced [the plaintiff] to elect between her two theories. In order to prevent her from transgressing the lessons in *Gross* and *Mora*, the court will not make her elect between theories at this late stage in the proceeding, but will interpret [the plaintiff's] complaint *as two separate consolidated cases*, one for hostile work environment based on her Christianity, and another for termination based on her age. This is the only way to treat [the plaintiff's] complaint to prevent it from violating *Gross* and *Mora*.

*Ephraim*, 2012 U.S. Dist. LEXIS 136055, at *6-7 (alterations and emphasis supplied).

[24] Doc. no. 9, at 10.

[25] *Id.*

14

permit Plaintiff to plead inconsistent *facts*."[26]

> Accepting all of Plaintiff's pleaded facts as true — including those that support his disability discrimination and FMLA retaliation claims — Plaintiff's complaint asserts that Defendant terminated his employment "because of" both his age and disability, as well as in retaliation for allegedly requesting leave protected under the FMLA  (Compl. ¶ 19.) Because Plaintiff's disability and protected conduct allegedly motivated Defendant to terminate his employment, Plaintiff's age could not be "the reason" his employment was terminated.  Thus, Plaintiff's assertion that his employment was terminated "because of" his age is not facially plausible in light of all of the facts alleged in his Complaint.[27]

Upon examining the allegations in the present complaint, this court finds that they are consistent with *both* the theory that the "but-for" cause of his termination was discrimination on the basis of his age, *and*, the theory that a substantial factor in his termination was discrimination on the basis of his disability, and/or retaliation for his act of requesting medical leave.  Ultimately, the evidence may show that the present plaintiff was terminated due to his age, his disability, his act of requesting medical leave, his poor job performance, a combination of the above, or none of the above. Because the only person who knows Greg Moore's true motives is Moore himself, it would not make sense to force plaintiff to guess those motives without the benefit of discovery by requiring him to amend his complaint to eliminate either his ADEA claim or his ADA and FMLA claims at the motion to dismiss stage of the litigation.

---

[26] Doc. no. 10, at 6 (citing Brian S. Clarke, *Grossly Restricted Pleading: Twombly/Iqbal, Gross, and Cannibalistic Facts in Compound Employment Discrimination Claims*, 2010 UTAH L. REV., 1101, 1120 (2010)) (emphasis in original, alteration supplied).

[27] *Id.*

## IV. CONCLUSION

For the reasons explained above, Lawrence's motion to dismiss is due to be, and it hereby is, DENIED.

DONE and ORDERED this 23rd day of October, 2012.

_____
United States District Judge